UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIEL HINTON, | | 4:25-CV-04092-RAL |
| | Plaintiff, | |
| | | OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND 1915 SCREENING |
| vs. | | |
| DUSTIN JORGENSON, | | |
| | Defendant. | |

Plaintiff Daniel Hinton filed this pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. His claims duplicate ones he has pending against the same defendant before this Court. Hinton v. Jorgenson, 4:25-CV-04072-RAL. He moves for leave to proceed in forma pauperis, Doc. 2, and for the appointment of counsel, Doc. 3.

I.   **Motion for Leave to Proceed in Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Hinton's financial affidavit, the Court finds that he has insufficient funds to pay the filing fee. Thus, Hinton's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

## II.     1915 Screening

### A.     Factual Background as Alleged by Hinton

On or about August 26, 2022, Dustin Jorgenson, a police officer with the Sioux Falls Police Department (SFPD), executed a search. Doc. 1 at 3. Jorgenson commanded the scene and advised officers that they "were pulling off scene." Id. Three bicycles were found during the search and were collected and tagged as evidence. Id. Jorgenson stated that he "ran the three bicycle seriel #s through metro but got no return." Id. (spelling errors in original). Hinton was not provided a receipt of property for the confiscated bicycle. Id. Hinton filed grievances with the SFPD, but he did not receive a response. Id.

Hinton does not specify if he sues Jorgenson in his individual or official capacity. Id. He claims that Jorgenson violated his rights under the Fourth Amendment and seeks $100,000 in monetary damages. Id. at 3–4. These allegations duplicate those Hinton makes against Jorgenson in 4:25-CV-04072-RAL, although in the complaint in that case Hinton seeks $120,000 from Jorgenson.

### B.     Legal Standard

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir.

1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663–64 (8th Cir. 1985). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting Twombly, 550 U.S. at 556).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### C.   Legal Analysis

Hinton alleges that Jorgenson violated his Fourth Amendment rights when he seized his vehicle on August 26, 2022. Doc. 1 at 3. Hinton has a pending lawsuit against Jorgenson in his individual and official capacity regarding the alleged unreasonable seizure of his bicycle on August 26, 2022. Hinton v. Jorgenson, 4:25-CV-04072-RAL Doc. 1 at 4. This Court has screened Hinton's claims in that case and has directed Hinton to return completed summons forms to allow service of Jorgeson. Id. at Doc. 7.

The United States Court of Appeals for the Eighth Circuit has recognized that one of the "prudential limits upon the exercise of the [federal court] jurisdiction bestowed by Congress" is "the principle that federal courts may decline to exercise their jurisdiction in order to prevent duplicative litigation." Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 952 (8th Cir. 2001). In Prudential Health Care Plan, the Eastern District of Missouri denied the State of Missouri's motion to remand the case back to state court after Prudential removed it to federal court. See 259 F.3d at 951. The district court then granted Prudential's motion to dismiss for failure to state a claim, dismissing the case without prejudice. Id. The State of Missouri then appealed the dismissal, not on the grounds of the pleading defects identified by the district court, but only as to the district court's refusal to remand to state court. Id. At the same time, the State of Missouri "ameliorated the apparent defects in the initial complaint" and filed a new action in state court, which Prudential then removed to federal court. Id. at 952. The Eighth Circuit dismissed the State of Missouri's appeal in order to prevent duplicative litigation and concluded that "[p]laintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time." Id. at 954, 956.

Importantly, the Eighth Circuit applied this principle even though the precise issue before it, whether the district court properly denied the State of Missouri's motion to remand to state court, differed from the substantive breach of contract and fraud claims raised in the State of Missouri's second complaint. See id. at 951–54; see also Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc) (finding that the plaintiff "had no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant" (citations omitted)). Because Hinton's Fourth Amendment unreasonable seizure claim against Jorgenson in his individual and official capacities in his previously-filed lawsuit (4:25-CV-04072-RAL) duplicate his Fourth Amendment unreasonable seizure claims against Jorgenson in this lawsuit, Hinton has no right to pursue both suits at the same time under Prudential Health Care Plan. See 259 F.3d at 954, 956. Thus, this case will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) because Hinton has the same claims against the same defendant pending and proceeding in 4:25-CV-04072-RAL.

### III. Conclusion

Accordingly, it is

ORDERED that Hinton's motion for leave to proceed in forma pauperis, Doc. 2, is granted. It is further

ORDERED that Hinton's complaint, Doc. 1, is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). It is finally

ORDERED that Hinton's motion to appoint counsel, Doc. 3, is denied as moot

DATED June 26th, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE